IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GULF HIGHLANDS DEVELOPMENT, L.L.C., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 08-0278-CG-C |
| J. COLLIER MERRILL, | ) ) | |
| Defendant. | ) ) | |
| ************************************** J. COLLIER MERRILL and FORT MORGAN I, L.L.C., | ) ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| vs. | ) ) | |
| GULF HIGHLANDS DEVELOPMENT L.L.C., and RON OWEN, | ) ) ) | |
| Counterclaim Defendants | ) | |

**ORDER**

This matter is before the court on plaintiff's motion to alter or amend pursuant to Rule 59(e). (Doc. 90). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d

1

1237, 1238-39 (11th Cir.1985)). The standard of review under Rule 59(e) was summarized by this court in another case as follows:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993)). Generally, courts have recognized three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.Fla.1994); see also Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources. Pennsylvania Ins. Guar. Ass'n v. Trabosh, 812 F.Supp. 522 (E.D.Pa.1992); Wendy's Int'l v. Nu-Cape Construction, 169 F.R.D. 680, 684- 85 (M.D.Fla.1996).

Sonnier v. Computer Programs & Systems, Inc., 168 F.Supp.2d 1322, 1336 (S.D. Ala. 2001) (quoting Alabama State Docks Department v. Water Quality Insurance Syndicate, 1998 WL 1749263 (S.D.Ala.1998)(emphasis in original)).

In the instant case, plaintiff asserts that although the court questioned the credibility of Mr. Owen's testimony, the credibility of Mr. Blackburn's testimony was not questioned. This court remarked that Mr. Owen's testimony that he had demanded the $3 million dollars from defendant many times was not credible. The court stated the following:

> Mr. Owen's testimony was less credible than the testimony of Mr. Merrill and Mr. Reynolds. Additionally, the fact that the parties continued to work together and that Gulf Highlands entered into the First and Second Workout Agreements which expressly granted extensions, supports defendant's and counter plaintiffs' version of the facts. Accordingly, the court finds that no demand was made for the $3 million.

2

(Doc. 88, p. 11, n. 1). Mr. Blackburn testified that, at a meeting in the first week of December 2007, Ron Owen demanded payment of the $3 million by stating the following: "Just pay me. Pay me the money that you owe me and we'll sit down and negotiate where these building are going to go." (Doc. 83, Tr. p 156, lines 5-24). Based on this testimony, plaintiff contends that Mr. Owen did not repudiate the contract. However, Mr. Blackburn's testimony is contradicted by that of Mr. Merrill and Mr. Reynolds. Moreover, the court found that plaintiff had "repudiated the contracts in question or that the parties rescinded the contracts in October 2007" (Doc. 88, p. 1), before the meeting about which Mr. Blackburn testified.[1] As the court stated in the earlier order, "[o]nce a party to a contract has repudiated or broken it, he cannot reinstate the contract by an offer to perform." Watts Const. Co., 382 So.2d at 522 (citing Mutual Loan Soc. v. Stowe, 15 Ala.App. 293, 73 So. 202 (1916)). Even if the contracts had not yet been broken in December 2007, and the court believed Mr. Blackburn's testimony over Mr. Merrill's and Mr. Reynolds', Blackburn's testimony is consistent with a finding that the parties agreed to rescind the contract. Plaintiff wanted to continue with the original plan and defendant would not put any more money into the project until the permits were issued. Plaintiff's willingness to negotiate altering the plan if defendant would pay the $3 million still puts the parties at an impasse.

---

[1] There was also testimony that indicated that there were telephone conversations between the parties in November which confirmed that the contracts were no longer in effect. In November 2007, Owen and Tracey Reynolds spoke on the telephone about the fact that Fort Morgan I would not be making any more interest payments. (Tr. pp. 118-119). According to Reynolds, Owen indicated that he thought there were plenty of other investors he could go to. (Tr. p. 119). Owen and Reynolds had another telephone conversation after Owen had met with the Department of Fish and Wildlife again. (Tr. p. 119). Owen reportedly stated that the meeting had gone well and asked if Merrill and Fort Morgan I wanted back in the project. (Tr. p. 119). Reynolds told Owen "no", that they would not put any more money into the project. (Tr. p. 119). They also discussed an equitable distribution again. (Tr. p. 119).

Whether plaintiff repudiated or the parties rescinded the contracts makes no difference since under either scenario, defendant was no longer obligated under the contracts.

The court finds that plaintiff has not met its burden of setting forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.

## **CONCLUSION**

For the reasons stated above, the court finds that plaintiff's motion to alter or amend pursuant to Rule 59(e) (Doc 90), is **DENIED**.

**DONE and ORDERED** this 5th day of October, 2010.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE